## MORGAN *vs.* GROFF.

One who places money in the hands of another, with which to make a bet on the event of an election, cannot recover it back, though no bet is made.

MOTION to set aside the report of a referee. The following facts were proved : Shortly before the general election in 1844, the defendant was desirous of having a bet made with one Thompson upon the result of that election, and caused the plaintiff to be informed of such his wish. The plaintiff accordingly sent the defendant his check on a bank for $50, which he authorized the defendant to bet in his behalf with Thompson, one half on the success of a candidate for president and the other half on a candidate for governor. The defendant drew the money on the check, but the election passed, and no bet was made ; and though the plaintiff afterwards requested him to return the money, he refused to do so. The defendant insisted that the plaintiff could not recover because the money was advanced to be used for an illegal purpose. The referee, however, reported in favor of the plaintiff for the amount of the money with interest.

*J. K. Porter,* for the defendant, moved to set aside the report, and referred to *Rust* v. *Gott,* (9 *Cowen,* 179 ;) *Brush* v. *Keeler,* (5 *Wend.* 250 ;) *Peck* v. *Briggs,* (3 *Denio,* 107 ;) *McKinnel* v. *Robinson,* (3 *Mees. & Wels.* 434.)

*E. F. Bullard,* for the plaintiff, argued that the defendant might be regarded as a stakeholder, and then the plaintiff would be entitled to recover, under the provisions of the revised

statutes respecting betting and gaming; (1 *R. S.* 662, § 9;) or, when the plaintiff demanded the money he might be considered as having repented of, and receded from his illegal purpose, and as no illegal act had been done he would not be within the principle referred to.

*By the Court,* WHITTLESEY, J. This money was sent to the defendant for the purpose of being bet with one Thompson on the election. The defendant did not use it for the purpose for which it was sent; and common honesty and common morality require that he should return it to the plaintiff. The money was, however, sent to be employed for an illegal purpose. The act (1 *R. S.* 662, § 8,) makes all wagers unlawful, and avoids the contract for the money staked. Hence money loaned for the purpose of betting or adventuring upon an illegal wager cannot be recovered back. (*McKinnel* v. *Robinson,* 3 *Mees. & Wels.* 434; *Peck* v. *Briggs,* 3 *Denio,* 107.) Money advanced to another for the purpose of violating the provisions or the spirit and policy of a public statute, cannot be recovered back. (*Perkins* v. *Savage,* 15 *Wend.* 412; *De Groot* v. *Van Duzer,* 20 *id.* 396.) There are many cases which show that where a contract is made, having for its ultimate purpose and object an intention to aid in violating a positive law, or a principle of public policy, or to commit a breach of good morals, the courts will not aid in enforcing it, whatever the justice of it may be as between the parties themselves. The courts treat both parties as having dealt in forbidden things, as being equally culpable, and as being each unworthy to receive the aid of the courts in enforcing their claims against each other. Unquestionably this case comes within that principle, and because this plaintiff sent the money to the defendant to be bet upon the election, which is unlawful, the court will not aid him in recovering it back of the defendant though he failed to do the unlawful act, however just it may be that the defendant should restore the money. The plaintiff cannot recover upon common law principles; nor can he recover at all unless the

ninth section of the act concerning betting and gaming gives him a remedy.

That section provides that "any person who shall pay, deliver or deposit any money, &c. upon the event of any wager or bet herein prohibited, may sue for and recover the same of the winner or person to whom the same shall be paid, and of the stakeholder," &c. (1 *R. S.* 662, § 9.) I do not think this section will aid the plaintiff. The defendant was not a stakeholder. The money was not paid or deposited on the event of any wager. It was only sent to be so paid. No bet had been made. The money was sent for the purpose of making one, which purpose was not consummated. The statute was not violated. The plaintiff only showed an intention and made an effort to violate it, and I think the provision referred to does not touch the case. Neither can the plaintiff say that he repented of his intended violation of the statute. Perhaps if before the election was had, and before any bet was made, he had countermanded his orders to make the bet and had so notified the defendant, and it had not, in point of fact, been made, the plaintiff might have recovered. In such a case it might be said he had taken advantage of the *locus penitentie.* But this space for repentance I take it did not extend beyond the election; and it was not until after that had passed that he asked for the money. I think the report of the referee should be set aside.

Motion granted.